## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| **MOHANGANY DOUGLAS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.:** |
| **V.** | ) | |
| | ) | |
| **SUGAR FOODS CORPORATION,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Mohangany Douglas ("Plaintiff" or "Ms. Douglas"), by and through her undersigned counsel, and files this, Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.  Plaintiff brings this action for damages and reasonable attorney fees against Defendant Sugar Foods Corporation ("Defendant") violations of her rights under the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e ("Title VII").

## ADMINISTRATIVE PROCEDURES

2.  Plaintiff has fulfilled all conditions necessary to proceed with this case of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC") on July 11, 2022, and the EEOC issued its Notice of Right to Sue on September 1, 2022 (Exhibit A).

3.  Plaintiff timely fields this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC (Exhibit B).

## JURISDICTION AND VENUE

4.  Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

5.  Defendant does business in this judicial District and Division and has registered agents within this District and Division. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, the venue is appropriate in this Court.

## PARTIES

6.  Plaintiff is a Female citizen of the United States of America and a resident of the state of Georgia. Thus, is subject to the jurisdiction of this Court.

7.  In all times relevant to the claims brought in this case, Plaintiff was an "employee" of Defendant as defined under the EPA.

8.  Defendant is a foreign corporation licensed to conduct business in this District. It is subject to service of process in Georgia.

9.  Defendant may be served with process by delivering a copy of the summons

and complaint to its Registered Agent, located at 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

10. Defendant is now and, at all times relevant hereto, has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

11. Defendant has more than 500 employees.

12. Defendant is governed by and subject to the Equal Pay Act, 29 U.S.C. § 206(d) and § 215(a)(3).

## FACTS

13. Ms. Douglas incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

14. Ms. Douglas began working for the employer on or about January 20, 2021, as Machine Operator.

15. Defendant paid the minimum for Machine Operator position, $18.00 an hour.

16. Defendant paid Ms. Douglas less than its male Machine Operators for similar or equal work.

17. Ms. Douglas's pay rate was $16.00 an hour.

18. All male Machine Operators were paid at least $18.00 an hour.

19. On or about August 1, 2021, Ms. Douglas informed Dan Boyton, her supervisor, that she was not treated equally as male Machine Operators and asked for a salary raise.

20. Defendant increased Ms. Douglas's pay rate to $18.00 and later to $19.00.

21. On November 1, 2021, Ms. Douglas completed preventative maintenance (PM) training, which should have resulted in her salary raise at completion.

22. However, Ms. Douglas did not receive the raise after she completed PM training.

23. On or about January 1, 2022, Ms. Douglas notified Matt Houser, Head of Human Resources, that she was being treated differently and was not paid equally.

24. Ms. Douglas told Houser "This company is something else. If you're not male, you're not going anywhere." She also, informed him that she was performing a lead position job, but Defendant failed to promote her.

25. On January 17, 2022, after an evaluation, the Defendant raised the salaries of Machine Operators.

26. Ms. Douglas's pay stayed the same.

27. Ms. Douglas contacted Boyton and asked why she has not received a salary raise.

28. Dan ignored Ms. Douglas's request.

29. Immediately after, Ms. Douglas contacted Houser, who informed her that she was not qualified for the salary revision and had to wait for six more months.

30. On March 14, 2022, Ms. Douglas trained two new Machine Operators, Justin Collins, and Marcus Keith.

31. Shortly after preventive maintenance training both Collins and Keith received a salary raise.

32. On or about March 25, 2022, Ms. Douglas again informed Houser that she felt she was being discriminated since she was not getting her salary raise.

33.Houser did not address Ms. Douglas complaints that women were not in management roles and would not move up.

34. On or about April 11, 2022, Ms. Douglas learned that Machine Operators, who had completed PM training, were paid $24.00 per hour.

35. Ms. Douglas contacted Boyton about the pay raise and told him "This company discriminates against women." Boyton replied "Duh. You're just figuring that out?"

36. The same day, Ms. Douglas contacted Houser and he informed her that she was not qualified for the salary raise yet.

37. On April 30, 2022, Ms. Douglas had a family emergency. Therefore, she had to leave the job during her lunch time but return forty-five minutes later.

38. When Ms. Douglas return to work, one of the employee Emily LNU yelled at her and asked why she would be late for one hour and half or even three hours.

39. Ms. Douglas got into an argument with Emily.

40. Emily called Ms. Douglas "Bitch" and run towards her screaming "Hit me. Hit me. Dan is firing you tomorrow anyway, so you won't have a job tomorrow!"

41. Ms. Douglas did not hit Emily, instead she reported this incident to Boyton.

42. Ms. Douglas informed Boyton that she had to leave work and was late no more than forty-five minutes because of her family emergency.

43. Boyton sent Ms. Douglas home. He also notified her that Human Resources would investigate this incident and would get back to her on Monday, May 2, 2022.

44. The next day, Ms. Douglas called Houser and told him about the incident. Houser informed her to return to work on Monday.

45. On May 2, 2022, Boyton notified Ms. Douglas that Human Resources were still investigating an incident and she should not return to work.

46. On May 3, 2022, Boyton reassigned Ms. Douglas's lead duties to Justine Collins.

47. Ms. Douglas was not able to return to work until May 4, 2022.

48. When she returned to work, Boyton and Shemica LNU a new night shift supervisor, had a meeting with Ms. Douglas. They informed her that she received a

write-up because of the argument with Emily and abandonment of her job after the incident.

49. Ms. Douglas told Boyton that he sent her home. She also, said that one day before her incident, two males employees had a fight, but no one suspended them or wrote them up.

50. Boyton ignored Ms. Douglas's statements.

51. On May 12, 2022, Ms. Douglas made a complaint to Human Resources about different treatment because she is a woman, including lower pay and failure to be promoted, despite doing the work of a lead.

52. Defendant did not investigate Ms. Douglas's complaints of discrimination.

53. On June 16, 2022, Ms. Douglas had to resign because of Defendant's unequal treatment by not promoting her, refusing to increase her salary, taking away her lead duties, and writing her up.

54. Others outside of Ms. Douglas 's protected class were treated differently.

55. Defendant retaliated against Plaintiff because of her protected opposition to unequal pay.

56. Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pretext for discrimination and retaliation under the Equal Pay Act.

**CLAIMS FOR RELIEF**

**COUNT I: VIOLATION OF THE EQUAL PAY ACT**

57. Plaintiff re-alleges paragraphs 12 to 56 as if set forth fully herein.

58. Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing equal work.

59. Plaintiff received substantially less compensation than male employees with less experience than her, because of her sex.

60. Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

61. Plaintiff is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of Defendant's violation.

**COUNT II: RETALIATION IN VIOLATION OF THE EQUAL PAY ACT**

62. Plaintiff re-alleges paragraphs 12 to 56 as if set forth fully herein.

63. Defendant's actions, as detailed above, in engaging in retaliatory actions against Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of the Equal Pay Act.

64. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

65. Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

**COUNT III:  DISCRIMINATION IN VIOLATION OF TITLE VII**

66. Plaintiff re-alleges paragraphs 12 to 56 as if set forth fully herein.

67. Defendant's actions in subjecting Plaintiff to ongoing gender discrimination constitute unlawful discrimination on basis of Plaintiff's gender in violation of Title VII.

68. Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

69. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her gender.

70. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

71. Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination and retaliation.

**COUNT IV: TITLE VII –GENDER DISCRIMINATION – PAY DISCRIMINATION**

72. Plaintiff re-alleges paragraphs 12 to 56 as if set forth fully herein.

73. Plaintiff is a woman.

74. Plaintiff was qualified for the position of Machine Operator.

75. Plaintiff performed the duties of the Machine Operator in a satisfactory or better manner.

76. Despite Plaintiff's performance and qualifications, Defendant paid her less than people who were outside her protected class.

77. Plaintiff's gender was a motivating factor in Defendant's decision to pay her less than her peers who were male.

78. Because of Defendant's discriminatory decision made in whole or in part because of her gender, Plaintiff has lost pay and continued to lose pay until she resigned.

79. Defendant's actions in paying her less than people outside her protected class violated Title VII.

## COUNT V : RETALIATION IN VIOLATION OF TITLE VII

80. Plaintiff re-alleges paragraphs 12 to 56 as if set forth fully herein.

81. Plaintiff's complaints about gender discrimination constitute conduct protected under Title VII.

82. Defendant's unwarranted refusal of promotion, removing Plaintiff's lead duties, and write-up because she complained of gender discrimination and retaliation constitutes unlawful retaliation in violation of Title VII.

83. Accordingly, Defendants violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

84. As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic and non-pecuniary damages.

85. Defendant willfully and wantonly disregarded Plaintiff's rights, and their actions toward Plaintiff were undertaken in bad faith.

86. Defendant is therefore liable for damages caused proximately resulting from its retaliation against Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) General damages for mental and emotional suffering caused by

(b) Defendant's misconduct;

(c) Special damages and/or liquidated damages for lost wages and benefits

(d) and prejudgment interest thereon;

(e) Liquidated damages in an amount equal to recovery under subparagraph

(f) for Defendant's willful violation of the EPA;

(g) Reasonable attorney fees' and expensed of litigation;

(h) Trial by jury as to all issues;

(i) Prejudgment interest at the rate allowed by law;

(j) Declaratory relief to the effect that Defendant has violated Plaintiff's

   statutory rights;

Kira Fonteneau (FON007)

**OF COUNSEL:**

Barrett & Farahany
PO BOX 530092
Atlanta, GA 30353

## PLEASE SERVE DEFENDANT AS FOLLOWS

**Sugar Foods Corporation**

**580 W Industrial Ct**

**Villa Rica, GA 30180**

**CT Corporation System**

**289 S Culver Street**

**Lawrenceville, GA 30046-4805**